Westbbook, J.
[after stating the facts at length].— The hearing before the referee was on notice to the receiver, and the evidence taken is returned for our guidance. From such evidence there taken, it appears that the Wilson case was commenced subsequent to this one. The plaintiff therein was one of the stockholders of the original company who gave consent to the sale of the property to the new, but claimed by the complaint that the trustees of the old association had been guilty of fraudulent and illegal conduct since the sale, and that a receiver should be appointed to distribute its assets. That cause being at issue, it was referred, by consent, to Albert Stickney, to hear and decide. The report of the referee in that action bears date February 5th, 1873, and judgment was entered thereon on February 7th, 1873, after this cause, which was older in its beginning, had been submitted to the referee for a decision, but before such decision was announced.
By the judgment of the Wilson case, the whole *232 conduct of the defendants is approved, the trustees absolved from liability to any stockholder, large allowances made to Mr. Barney for services, and he (Barney) appointed receiver. To this suit Mr. McArdle was not made a party, nor was he cognizant in any way of the proceeding. The existence of this prior action was not communicated to the court which rendered the judgment in the Wilson case, and, what is more singular still, the plaintiff in that action, and her husband, who acted as her agent in regard to it, had no knowledge or notice of the reference, or of the judgment which had been obtained therein.
One of the attorneys of that plaintiff (Mrs. Wilson) was also examined, but threw very little light upon the transaction, he claiming that his partner, who was in Europe, had conducted it.
As already stated, of the existence of that suit of Mrs. Wilson, the plaintiff (McArdle) had no knowledge. If, on his being heard, and with a full knowledge of the facts, a competent court had pronounced the judgment, and made the appointment of Mr. Barney, well understood principles of law as well as judicial comity, would forbid any interference in this manner. The appointment in the Wilson case is, on its face, formal and regular, still the circumstances attending it are so suspicious, that I strongly think it was collusive and friendly, to avoid the judgment in this case.
Undoubtedly the learned and respected judge who granted the decree, acted rightly upon the light given to him, but I do not see how the same court, though held by another judge with a full and more perfect knowledge of ail the circumstances, and after a full hearing of all the parties, is guilty of any disrespect to him if it sees fit to appoint a new receiver. That proceeding was ex parte so far as this plaintiff is concerned, and as this suit was the older in point of time, *233 and was proceeding in regular form to judgment when the other decree was rendered, no volunteered seeking to interfere with proceedings in another district can possibly be imputed. Indeed, I am well satisfied that if the attention of Judge Davis had been drawn to this prior suit then pending, actually submitted, and awaiting decision, that decree, without notice to this plaintiff, would not have been made.
Ho possible disrespect, then, or breach of judicial comity can be presumed, if this court fairly examines and considers the propriety of Mr. Barney’s being the receiver. It is true, the plaintiff has a personal judgment for part of the value of his stock in the old company, but he has also an interest in the remaining property to a considerable amount. With this controversy existing between him and these defendants (of whom this receiver is one), he is entitled to a receiver who shall, at least, be indifferent between the parties. It is neither fair nor just to the plaintiff that he, who is to collect and distribute the assets of the dissolved association, should be the very person whose feelings are embittered against him by a suit, and whose interests are directly antagonistic. Besides, the accounts, actions, and conduct of this very Mr. Barney, as trustee, are to be examined and passed upon, and they should be so examined and passed upon by an indifferent person, who can have access to every paper, voucher, and document which will shed light thereon. It may be necessary to institute suits against Mr. Barney for illegal or improper conduct, and surely he (Barney) ought not to be plaintiff therein. It is no answer to this argument to say that if Mr. Barney fails to fulfill his trust honestly, an action will lie against him and his surety.
Ho party should be subjected needlessly to litigation, and without a thorough insight into the business and transactions of the old association which a posses *234 sion of its books, documents, and papers will give, it would be impossible to conduct a suit to a successful issue. Full possession of all the property of the late company will certainly enable Mr. Barney, if so disposed, to work wrong to the plaintiff, of the existence of which he will be wholly ignorant. Laying out of. view, however, all suspicions of collusion in the Wilson suit and judgment, can this appointment be proper? We need not impute any dishonest motives to Mr. Barney. It is only necessary to assume that he is human, with the feelings of our nature, and so assuming, it is but reasonable to suppose that he will prefer his own interests to those of another. Our statutes disqualifying certain persons from acting as judges, jurors, and in other capacities,' proceed upon this ground. His judgment, if he continues in office, will often be taxed to consider what should be done, and whether this thing or that thing will be best for him. His judgment and conscience should not be biassel by self-interest, nor tempted to wrong by feeling or passion. Mr. Dewitt,- the person recommended, is, on the other hand, every way qualified, indifferent between the parties, and will certainly do justice to all, having no motive to serve one party more than the other.
My conclusion is, that Mr. Barney should be removed, and Mr. Dewitt appointed, as recommended by the referee.